# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMONT SAPP, | No. 4:18-CV-00175 |
| Plaintiff, | (Judge Brann) |
| v. | (Chief Magistrate Judge Schwab) |
| ALBERT LORD and PENN STATE UNIVERSITY, | |
| Defendants. | |

## ORDER

### JANUARY 16, 2019

On January 25, 2018, Plaintiff Shamont Sapp filed a complaint against Defendants Albert Lord and Penn State University.[1] On May 7, 2018, Defendants moved to dismiss that Complaint.[2]

On November 9, 2018, Chief Magistrate Judge Susan E. Schwab issued a Report and Recommendation that recommended dismissing Mr. Sapp's complaint for failure to state a claim upon which relief can be granted.[3] Mr. Sapp filed objections to that Report and Recommendation on November 27, 2018.[4]

---

[1] ECF No. 1.
[2] ECF No. 25.
[3] ECF No. 33.
[4] ECF No. 34.

This Court has conducted a *de novo* review[5] of Chief Magistrate Judge Schwab's Report and Recommendation, and agrees with its reasoning and conclusions. Therefore, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation of Chief Magistrate Judge Susan E. Schwab, ECF No. 33, is **ADOPTED IN ITS ENTIRETY**.

2. Defendants' Motion to Dismiss, ECF No. 25, is **GRANTED**.

3. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.[6]

4. The Clerk of Court is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[5] 28 U.S.C. § 636(b)(1)(C) ("[A]ny party may serve and file written objections to [a magistrate judge's Report and Recommendation]. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.")

[6] Because this Court finds that "amendment would be futile," *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008), the dismissal is with prejudice. And because Plaintiff is a prisoner and his Complaint is being dismissed for failure to state a claim upon which relief may be granted, the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). *See Byrd v. Shannon*, 715 F.3d 117, 122 (3rd Cir. 2013).